UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW HOPKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. _____ |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| CDK GLOBAL, INC., LESLIE A. BRUN, BRIAN KRZANICH, WILLIE A. DEESE, AMY J. HILLMAN, STEPHEN A. MILES, ROBERT E. RADWAY, STEPHEN F. SCHUCKENBROCK, FRANK S. SOWINSKI, and EILEEN J. VOYNICK, | ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on April 7, 2022 (the "Proposed Transaction"), pursuant to which CDK Global, Inc. ("CDK" or the "Company") will be acquired by affiliates of Brookfield Business Partners.

2. On April 7, 2022, CDK's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Central Parent LLC ("Parent") and Central Merger Sub Inc. ("Purchaser"). Pursuant to the terms of the Merger Agreement, Purchaser commenced a tender offer (the "Tender Offer") to purchase all of CDK's outstanding common stock for $54.87 in cash per share. The Tender Offer is set to expire on May 20, 2022.

3. On April 22, 2022, defendants filed a Solicitation/Recommendation Statement (the "Solicitation Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Solicitation Statement omits material information with respect to the Proposed Transaction, which renders the Solicitation Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Solicitation Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(e), 14(d), and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391 because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of CDK common stock.

9. Defendant CDK is a Delaware corporation and maintains its principal executive offices at 1950 Hassell Road, Hoffman Estates, IL 60169. CDK's common stock trades on the NASDAQ under the ticker symbol "CDK."

10. Defendant Leslie A. Brun is Chairman of the Board of the Company.

11. Defendant Brian Krzanich is President, Chief Executive Officer, and a director of the Company.

12. Defendant William A. Deese is a director of the Company.

13. Defendant Amy J. Hillman is a director of the Company.

14. Defendant Stephen A. Miles is a director of the Company.

15. Defendant Robert E. Radway is a director of the Company.

16. Defendant Stephen F. Schuckenbrock is a director of the Company.

17. Defendant Frank S. Sowinski is a director of the Company.

18. Defendant Eileen J. Voynick is a director of the Company.

19. The defendants identified in paragraphs 10 through 18 are collectively referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

20. CDK is a leading provider of retail technology and software as a service solutions that help dealers and auto manufacturers run their businesses more efficiently, drive improved profitability, and create frictionless purchasing and ownership experiences for consumers.

21. On April 7, 2022, CDK's Board caused the Company to enter into the Merger Agreement.

22. Pursuant to the terms of the Merger Agreement, Purchaser commenced the Tender Offer to acquire all of CDK's outstanding common stock for $54.87 in cash per share.

23. According to the press release announcing the Proposed Transaction:

CDK Global, Inc. (Nasdaq: CDK), a leading automotive retail technology company, has entered into a definitive agreement to be acquired by Brookfield Business Partners, together with institutional partners (collectively "Brookfield"), for a total enterprise value of $8.3 billion.

Under the terms of the merger agreement, Brookfield will commence a tender offer to acquire all of the outstanding shares of CDK. CDK shareholders will receive $54.87 per share in cash upon completion of the transaction, which represents a 30% premium to the unaffected closing price of CDK stock on Feb. 18, 2022, the last full trading day prior to market speculation regarding a potential sale of the company. The agreement was unanimously approved by CDK's Board of Directors, which recommends that CDK stockholders tender their shares in the offer.

"This transaction is an exciting next step for CDK that provides our shareholders with both certainty of value and a meaningful premium. It also allows CDK to continue executing our long-term strategy to connect our industry at every level and create an open and collaborative future," said Brian Krzanich, president and chief executive officer, CDK Global. "In consultation with our outside advisors, CDK's Board of Directors carefully evaluated a range of strategic and financial alternatives over several months and determined that this transaction is superior to all other available alternatives.

"Brookfield recognizes the unique value our products bring to more than 15,000 retail locations in North America and shares our vision of transforming the future of automotive retail. We are excited about the opportunity to further sharpen our focus on elevating the dealer and consumer experience when selling, buying or owning a vehicle. I am grateful for our team's incredible work in providing an integrated experience —from sourcing to retail sale, and beyond."

As the flagship listed vehicle of Brookfield Asset Management's Private Equity Group, Brookfield Business Partners is focused on owning and operating high-quality businesses that provide essential products and services and benefit from a strong competitive position. Brookfield Asset Management is a leading global alternative asset manager with approximately $690 billion of assets under management.

The closing of the tender offer will be subject to certain conditions, including the tender of shares representing at least a majority of the total number of CDK's outstanding shares, the expiration or termination of the antitrust waiting period, and other customary conditions, after which CDK's common stock will no longer be listed on the Nasdaq Global Select Market. Following the successful completion of the tender offer, Brookfield will acquire all remaining shares not tendered in the tender offer through a second-step merger at the same price. This transaction is expected to close in the third quarter of 2022.

Morgan Stanley & Co. LLC is serving as exclusive financial advisor, and Paul, Weiss, Rifkind, Wharton & Garrison LLP is serving as legal advisor to CDK. Davis Polk & Wardwell LLP is acting as legal advisor to Brookfield.

*The Solicitation Statement Omits Material Information, Rendering It False and Misleading*

24. Defendants filed the Solicitation Statement with the SEC in connection with the Proposed Transaction.

25. As set forth below, the Solicitation Statement omits material information with respect to the Proposed Transaction, which renders the Solicitation Statement false and misleading.

26. First, the Solicitation Statement omits material information regarding the Company's financial projections.

27. The Solicitation Statement fails to disclose: (i) all line items used to calculate the projections; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

28. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

29. Second, the Solicitation Statement omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Morgan Stanley & Co. LLC ("Morgan Stanley").

30. With respect to Morgan Stanley's Discounted Cash Flow Analysis, the Solicitation Statement fails to disclose: (i) the terminal values for the Company; (ii) the individual inputs and assumptions underlying the discount rates and multiples used in the analysis; (iii) the net debt used in the analysis; and (iv) the number of fully diluted shares outstanding used in the analysis.

31. With respect to Morgan Stanley's Discounted Equity Value Analysis, the Solicitation Statement fails to disclose the individual inputs and assumptions underlying the discount rate and multiples used in the analysis.

32. With respect to Morgan Stanley's Broker Price Targets analysis, the Solicitation Statement fails to disclose: (i) the price targets observed in the analysis; and (ii) the sources of the price targets.

33. With respect to Morgan Stanley's Precedent Transactions analysis, the Solicitation Statement fails to disclose: (i) the closing dates of the transaction; and (ii) the total values of the transactions.

34. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

35. Third, the Solicitation Statement fails to disclose the timing and nature of the past services Morgan Stanley provided to the parties to the Merger Agreement and their affiliates.

36. The omission of the above-referenced material information renders the Solicitation Statement false and misleading.

37. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### (Claim for Violation of Section 14(e) of the 1934 Act Against Defendants)

38. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

39. Section 14(e) of the 1934 Act states, in relevant part, that:

> It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders[.]

40. Defendants disseminated the misleading Solicitation Statement, which contained statements that, in violation of Section 14(e) of the 1934 Act, in light of the circumstances under

6

which they were made, omitted to state material facts necessary to make the statements therein not misleading.

41. The Solicitation Statement was prepared, reviewed, and/or disseminated by defendants.

42. The Solicitation Statement misrepresented and/or omitted material facts in connection with the Proposed Transaction as set forth above.

43. By virtue of their positions within the Company and/or roles in the process and the preparation of the Solicitation Statement, defendants were aware of this information and their duty to disclose this information in the Solicitation Statement.

44. The omissions in the Solicitation Statement are material in that a reasonable shareholder will consider them important in deciding whether to tender their shares in connection with the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available.

45. Defendants knowingly or with deliberate recklessness omitted the material information identified above in the Solicitation Statement, causing statements therein to be materially incomplete and misleading.

46. By reason of the foregoing, defendants violated Section 14(e) of the 1934 Act.

47. Because of the false and misleading statements in the Solicitation Statement, plaintiff is threatened with irreparable harm.

48. Plaintiff has no adequate remedy at law.

## COUNT II

**(Claim for Violation of 14(d) of the 1934 Act Against Defendants)**

49. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

50. Section 14(d)(4) of the 1934 Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

51. Rule 14d-9(d) states, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

Item 8 requires that directors must "furnish such additional information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

52. The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits the material facts set forth above, which renders the Solicitation Statement false and/or misleading.

53. Defendants knowingly or with deliberate recklessness omitted the material information set forth above, causing statements therein to be materially incomplete and misleading.

54. The omissions in the Solicitation Statement are material to plaintiff, and he will be deprived of his entitlement to make a fully informed decision with respect to the Proposed Transaction if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

55. Plaintiff has no adequate remedy at law.

## COUNT III

**(Claim for Violation of Section 20(a) of the 1934 Act
Against the Individual Defendants)**

56. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

57. The Individual Defendants acted as controlling persons of CDK within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as directors of CDK and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

58. Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

59. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Solicitation Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly connected with and involved in the making of the Solicitation Statement.

60. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

61.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.

62.     As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

63.     Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment and relief as follows:

A.     Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.     Directing the Individual Defendants to file a Solicitation Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.     Declaring that defendants violated Sections 14(e), 14(d), and 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.     Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.     Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: May 4, 2022                   **RIGRODSKY LAW, P.A.**

By: */s/ Gina M. Serra*
Gina M. Serra
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
(516) 683-3516
gms@rl-legal.com

*Attorneys for Plaintiff*